**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 29, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-40912
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MAURICIO EGARDO TEJADA-CALDERON,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:04-CR-1410-1

Before JONES, Chief Judge, and JOLLY and OWEN, Circuit Judges.

PER CURIAM:[*]

Mauricio Egardo Tejada-Calderon (Tejada), who pleaded guilty to one count of illegal reentry, in violation of 8 U.S.C. § 1326, appeals the forty-six-month sentence he received on remand for resentencing. He argues that the district court erred in assessing a sixteen-level increase, pursuant to U.S.S.G. § 2L1.2(a), based on the determination that he had a prior conviction for a crime of violence. Specifically, he contends that his Indiana felony battery conviction was not a crime of violence

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

because it was neither an enumerated offense nor had as an element the use of force.

This court reviews de novo the district court's interpretation of the Sentencing Guidelines. United States v. Sarmiento-Funes, 374 F.3d 336, 338 (5th Cir. 2004). Tejada's state-court indictment demonstrated that he was convicted of felony battery with a deadly weapon, in violation of INDIANA CODE § 35-42-2-1(a)(3). As Tejada argues, the Indiana statute does not specifically require the use of force and can be committed by an offensive touching. Nevertheless, as the Government argues, "the touching of an individual with a deadly weapon creates a sufficient threat of force to qualify as a crime of violence." United States v. Dominguez, 479 F.3d 345, 348 (5th Cir. 2007); see also United States v. Treto-Martinez, 421 F.3d 1156, 1157-60 (10th Cir. 2005), cert. denied, 126 S. Ct. 1089 (2006). Accordingly, Tejada's conviction was one for a crime of violence under the residual definition, and the sixteen-level enhancement was appropriate. See id.; § 2L1.2(a).

Additionally, Tejada challenges the constitutionality of 8 U.S.C. § 1326(b)'s treatment of prior felony and aggravated felony convictions as sentencing factors rather than elements of the offense that must be found by a jury. He raised the same claim, unsuccessfully, in the initial appeal in this case. As Tejada concedes, the previous determinations of this court stand as

the law of the case, and the issue will not be revisited.  See

United States v. Becerra, 155 F.3d 740, 752-53 (5th Cir. 1998).

The district court's judgment is **AFFIRMED**.